IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| STACIE K. NIX, ) | C/A 5:05-2877-RBH-BM |
| ) | |
| Plaintiff, ) | |
| ) | |
| -versus- ) | **REPORT AND RECOMMENDATION** |
| ) | |
| SPECIALTY WASHER CO. OF SOUTH ) | |
| CAROLINA, INC., ) | |
| ) | |
| Defendant. ) | |
| _____) | |

This action has been filed by the Plaintiff asserting a claim under the Family and Medical Leave Act (FMLA), 29 U.S.C. § 2601, et. seq. Plaintiff is a former employee of the Defendant.

The Defendant filed a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., on November 7, 2006. Plaintiff filed a memorandum in opposition to the Defendant's motion on November 27, 2006, following which the Defendant filed a reply memorandum on December 5, 2006. Defendant's motion is now before the Court for disposition.

## **Background and Evidence**[1]

The Defendant is a manufacturing facility located in Bamberg, South Carolina. Plaintiff began working for the Defendant's predecessor in interest, Phoenix Speciality

---

[1] The facts and evidence are considered and discussed hereinabove in the light most favorable to the Plaintiff, the party opposing summary judgment. Pittman v. Nelms, 87 F.3d 116, 118 (4th Cir. 1996).

1



Manufacturing Co., in July 2002 as a shipping clerk. Phoenix Speciality thereafter sold its assets to the Defendant in October 2002, and Defendant does not contest that it was Plaintiff's employer for purposes of a FMLA claim. See 29 C.F.R. § 825.107(c).

As a shipping clerk, Plaintiff was responsible for preparing and boxing washers (the product manufactured by the Defendant) for shipment to customers. Plaintiff's Deposition, pp. 10, 12. In July 2003, Plaintiff reported to the Defendant that she was suffering from back pain and requested FMLA leave. Plaintiff's Deposition, p. 12; Plaintiff's Exhibit C, Bates No. 068. The Defendant had an FMLA policy which allowed eligible employees to take up to twelve (12) weeks of unpaid family/medical leave within any twelve month period. See Defendant's Exhibit B. Plaintiff provided a medical certification concerning her condition; see Plaintiff's Exhibit B; and Plaintiff was approved for FMLA leave effective July 11, 2003. Defendant's Exhibit C;[2] see also Plaintiff's Exhibit B, Bates No. 0042. Plaintiff also received eleven weeks of short term disability benefits commencing July 24, 2003. Plaintiff's Deposition, p. 19.

Plaintiff was required to provide a fitness for duty certificate prior to being restored to her employment. Plaintiff's Exhibit C, Bates No. 068. On October 6, 2003, Plaintiff's physician released her to return to work with a twenty pound lifting restriction. Plaintiff's Deposition, pp. 28, 31; see Defendant's Exhibit I; Hogan Deposition (Defendant's Exhibit E), pp. 32-33. Plaintiff returned to work on October 7, 2003. However, on October 8, 2003, Plaintiff was terminated by the Defendant's President, Robert Hurst. Hurst testified that, with her lifting restriction, Plaintiff could not perform the requirements of her job as a shipping clerk. Hurst Deposition, p. 36; see Hogan

---

[2]Defendant's Exhibit C bears a date of June 3, 2003, which appears to be a scrivener's error. The date should presumably be August 3, 2003.



Deposition, p. 33. However, Hurst testified that the reason Plaintiff was terminated was "lack of work", and that her position was eliminated because the Defendant did not need her. Plaintiff's Exhibit H (Hurst Deposition), p. 17. See also Plaintiff's Exhibit I (letter advising the Plaintiff that, because her position was eliminated, she was eligible for unemployment insurance). Hurst further clarified in his deposition testimony that the reason Plaintiff was terminated was not because she could not fulfill any job requirement, but because the Defendant "just simply didn't need her services." Plaintiff's Exhibit H, p. 36. See also Plaintiff's Exhibit J.

However, the Defendant's Vice President for Shipping, Harry Wise, testified that Plaintiff's job was not eliminated, and that her "job still had to be performed by someone", although he does not recall ever filling that position. Plaintiff's Exhibit K (Wise Deposition), pp. 76-77. Wise also does not recall any reorganization concerning Plaintiff's position. Plaintiff's Exhibit L (Wise Deposition), p. 7.

Plaintiff contends that her termination was a violation of her rights under the FMLA, and seeks monetary damages.

**Discussion**

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(c), Fed.R.Civ.P. The moving party has the burden of proving that judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing there is a genuine issue for trial." Rule 56(e), Fed.R.Civ.P.



The FMLA provides twelve (12) weeks of unpaid leave per year for eligible employees. Under the FMLA, an employee is entitled to take reasonable leave for medical and other reasons in a manner that accommodates the legitimate interests of their employer. 29 U.S.C. § 2612. An "eligible employee" under the Act is an employee who has been employed for at least twelve (12) months by the employer with respect to whom leave is requested, and for at least one thousand two hundred and fifty (1,250) hours of service with such employer during the previous twelve (12) month period. 29 U.S.C. § 2611(2)(A). Defendant does not dispute that Plaintiff meets this standard. However, Defendant argues that no violation of the FMLA occurred when Plaintiff was terminated from her employment because 1) she did not return to work until after the expiration of her twelve (12) week FMLA leave period, and 2) because, in any event, following her return she was unable to perform an essential function of her job. After careful review and consideration of the evidence before this Court, the undersigned does not find that the Defendant is entitled to summary judgment on either of these grounds.

Defendant first argues that Plaintiff's twelve weeks of FMLA leave expired on October 3, 2003, and that since Plaintiff did not return to work until October 7, 2003, she was provided the full benefits required under the FMLA and there was no FMLA violation occasioned by her termination. However, it is not necessary for this Court to resolve the question of the exact date Plaintiff's twelve week FMLA leave period expired, as there is no evidence Plaintiff's termination was due to her failure to return to work at the end of this period. The evidence reflects that Plaintiff had ongoing discussions with the Defendant about her condition, and there is no evidence to show that the Defendant required Plaintiff to return to work from her FMLA leave prior to October 7, 2003. *Cf.* Plaintiff's Deposition, pp. 29-30; Plaintiff's Exhibit [Nix Affidavit]. While

4





an employer may terminate an employee who fails to return to work after the expiration of the twelve week FMLA leave period; see Wiggins v. Davita Tidewater, LLC, 451 F.Supp.2d 789, 802-803 (E.D.Va. 2006); Miller v. Personal-Touch of Va., Inc., 342 F.Supp.2d 499, 515 (E.D.Va. 2004), aff'd, 153 Fed.Appx. 209 (4th Cir. 2005); Defendant offers a wholly different reason for Plaintiff's termination: that upon her return she could not perform the essential functions of her job.

This leads to Defendant's second argument. The FMLA requires that an employer restore an employee to their former position of employment or an equivalent position when they return from FMLA leave. See 29 U.S.C. § 2614(a)(1)(A) and (B). Plaintiff claims that when she returned from her FMLA leave, instead of restoring her to her former position of employment or to an equivalent position, she was fired. However, while the FMLA does require employers to restore employees to the position of employment held by the employee when the leave commenced or to an equivalent position, it does not require that an employer provide a returning employee any right, benefit, or position of employment to which the employee would not have been entitled even if the employee had never taken leave. 29 U.S.C. § 2614(a)(3)(B). See 29 C.F.R. § 825.216(a) ["An employee has no greater right to reinstatement or to other benefits and conditions of employment than if the employee had been continuously employed during the FMLA."]. Further, an employee who, at the end of their twelve week leave period, remains "unable to perform an essential function of the position because of a physical or mental condition...[has] no right to restoration to another position under the FMLA." 29 C.F.R. § 825.214(b). Defendant argues that the duties of a shipping clerk include routinely having to lift more than twenty (20) pounds, and that since Plaintiff was on a twenty pound lifting restriction, she could not perform an essential element of her job, justifying her termination. Defendant's Exhibit G; see Hurst Deposition, p. 36; Hogan Deposition, pp. 32-33;

Plaintiff's Deposition, p. 31.  However, rather than providing clarity on this issue, the evidence presented to this Court, including the Defendant's own evidence, contradicts itself with respect to why Plaintiff was terminated.

First, while Defendant has provided evidence to show that lifting in excess of 20 pounds was a requirement of Plaintiff's job; see Defendant's Exhibits G and I; Plaintiff has provided evidence to show that this was not an *essential* requirement.  Plaintiff attests that, if necessary, she could have simply carried contents less than 20 pounds rather than trying to lift an entire box at a time. Plaintiff's Affidavit (Plaintiff's Exhibit D), ¶ 8.  Hurst confirmed in his testimony that this was a possibility.  See Plaintiff's Exhibit H, pp. 35-36.  Further, the Defendant's own Exhibit H notes that the typical weight of the boxes was only ten (10) pounds, while the Defendant's former shipping manager, Jimmy Wilson, attests that "[t]his one [heavy] lifting requirement was not an essential function of the job as it was such a minuscule and infrequent thing that it could be and was accomplished by any other clerk in the area." See Plaintiff's Exhibit O.  This evidence is sufficient to create an issue of fact as to whether being able to lift over twenty pounds was an "essential" function of Plaintiff's job.

Additionally, and contrary to Defendant's summary judgment argument, the Defendant's President, Robert Hurst, testified that the reason Plaintiff was terminated was because they simply no longer needed her services, not because she was unable to fulfill any requirement of her job.  Hurst Deposition, pp. 17, 36.  Hence, the Defendant's own President contradicts the Defendant's argument as to why Plaintiff was terminated.  *Cf.* Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 140-143 (2000) [setting forth the general proposition that where a plaintiff presents sufficient evidence to raise an inference that the employer's asserted justification

6



for the employment decision is false, a trier of fact can conclude that the employer unlawfully discriminated.].

Of course, the reason for Plaintiff's termination cited by Hurst in his testimony; that there was not sufficient work for Plaintiff to do and therefore her position was being eliminated, would itself be sufficient to validate Plaintiff's termination absent any evidence to the contrary. See Vargas v. Globetrotters Eng. Corp., 4 F.Supp.2d 780, 783 (N.D.Ill. 1998)[Secretary had no right to reinstatement to field secretary position because it had been eliminated before she returned from leave]; *cf.* Ilhardt v. Sara Lee Corp., 118 F.3d 1151, 1157 (7th Cir. 1997)[Plaintiff not allowed to return from leave because her position was eliminated in a reduction-in-force]; Patterson v. Alltel Information Services, Inc., 919 F.Supp. 500, 505, n. 10 (D.Maine 1996). However, in this case, the Defendant's own Vice President for Shipping, Harry Wise, testified that Plaintiff's job was not eliminated, directly contradicting Hurst's testimony, and in fact the evidence reflects that the Defendant posted for another shipping clerk position a little over a month after Plaintiff's termination. Plaintiff's Exhibits H (p. 18), J, K (pp. 76-77) and L (pp. 6-7).

This evidence is sufficient to create an inference that the Defendant failed to restore Plaintiff to her position or an equivalent position following completion of her FMLA leave, as required by the FMLA, sufficient to survive summary judgment. While the Defendant has provided evidence to dispute this claim, considering the evidence in the light most favorable to the Plaintiff, as this Court is required to do at summary judgment, the undersigned does not find that "[n]o reasonable trier of fact could conclude" that a violation of the FMLA occurred when the Defendant terminated Plaintiff's employment. Spratley v. Hampton City Fire Dept., 933 F.Supp. 535, 542 (E.D.Va. 1996), aff'd, 125 F.3d 848 (4th Cir. 1997); see Anderson v. Liberty Lobby, Inc., 477 U.S.



242, 255 (1986)[At summary judgment, the "evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [her] favor . . . . Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts," are all functions for the trier of fact]; <u>Muhhammad v. Klotz</u>, 36 F.Supp.2d 240, 243 (E.D. Pa. 1999); <u>Reeves</u>, 530 U.S. at 140-143. Therefore, the Defendant is not entitled to summary judgment on this claim.

## Conclusion

Based on the foregoing, it is recommended that the Defendant's motion for summary judgment be **denied**.

_____
Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina

June 7, 2007



8