UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Stacie K. Nix, ) | Civil Action No.: 5:05-2877-RBH |
| ) | |
| Plaintiff, ) | |
| vs. ) | |
| ) | **ORDER** |
| Specialty Washer Co. of South ) | |
| Carolina, Inc., ) | |
| ) | |
| Defendant. ) | |
| _____) | |

This is an action brought pursuant to the Family and Medical Leave Act (FMLA), 29 U.S.C. § 2601, *et. seq*. This matter is before the Court for review of the Report and Recommendation of United States Magistrate Judge Bristow Marchant, made in accordance with 28 U.S.C. §636(b)(1)(B) and Local Rule 73.02 for the District of South Carolina.

In conducting its review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

<u>Wallace v. Housing Auth. of the City of Columbia</u>, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

Defendant moved pursuant to Rule 56 of the Federal Rules of Civil Procedure for summary judgment on the basis that there is no genuine issue as to any material fact and that defendant is

1

entitled to judgment as a matter of law.

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Once the moving party makes the showing, however, the opposing party must respond to the motion with "specific facts showing there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

When no genuine issue of any material fact exists, summary judgment is appropriate. *Shealy v. Winston*, 929 F.2d 1009, 1011 (4th Cir. 1991). The facts and inferences to be drawn from the evidence must be viewed in the light most favorable to the non-moving party. *Id*. However, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Id*., *quoting Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

Summary judgment should only be granted in those cases where there is no issue of fact involved and inquiry into the facts is not necessary to clarify application of the law. *McKinney v. Board of Trustees Mayland Community College*, 955 F.2d 924 (4th Cir. 1992). A district court should not grant summary judgment "unless the entire record shows a right to judgment with such clarity as to leave no room for controversy and establishes affirmatively that the adverse party cannot prevail under the circumstances." *Campbell v. Hewitt, Coleman & Assoc.*, 21 F.3d 52, 55 (4th Cir. 1994).

Based on the briefs and information submitted,[1] I find that there are genuine issues of material fact precluding summary judgment. At this stage, it is not the Court's function to weigh the evidence,

---

[1] Under Local Rule 7.08, "hearings on motions may be ordered by the Court in its discretion. Unless so ordered, motions may be determined without a hearing."

2

but rather to determine whether there is a genuine issue of fact which justifies a trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986).

## Facts

Plaintiff Nix was employed by the defendant as a shipping clerk. She began experiencing back problems in July of 2003 and requested FMLA leave. According to the FMLA Notice which was sent to the plaintiff, her leave began on July 11, 2003. The notice did not specify the date on which she must return to work, although it did indicate that the leave period would be twelve weeks. Nix returned to work on October 7, 2003. She worked on October 7 and most of October 8, when she was terminated. The reason stated for the termination by the company president was that she was no longer needed due to a decline in business.

## Applicable Law

Under the FMLA, qualifying employees are entitled to twelve weeks of unpaid leave in a twelve-month period for "a serious health condition that makes the employee unable to perform the functions of the position of such employee." 29 U.S.C. § 2612(a)(1)(D). The FMLA forbids an employer from interfering with the exercise of the rights which it protects. 29 U.S.C. § 2615(a)(1).

Although the Act does not contain specific requirements regarding the notice which employers must provide to employees that they have been placed on leave pursuant to the FMLA, the Department of Labor has issued regulations regarding the required notice. "In all circumstances, it is the employer's responsibility to designate leave, paid or unpaid, as FMLA-qualifying, and to give notice of the designation to the employee as provided in this section . . ." 29 C.F.R. § 825.208(a). "Employers must give written notice of the designation, along with detailed information concerning the employee's rights and responsibilities under the Act, 'within a reasonable time after notice of the need for leave is given by the employee-within one or two business days if feasible." *Ragsdale v.*

*Wolverine World Wide, Inc.*, 535 U.S. 81, 87 (2002), citing 29 C.F.R. § 825.301(c).

In *Ragsdale*, the Supreme Court invalidated 29 C.F.R. § 825.700(a), which provided that "if an employee takes paid or unpaid leave and the employer does not designate the leave as FMLA leave, the leave taken does not count against an employee's FMLA entitlement." The basis for the holding was that the regulation "transformed the company's failure to give notice-along with its refusal to grant her more than 30 weeks of leave-into an actionable violation of § 2615." *Ragsdale*, 535 U.S. at 91. The Court held that the employer's failure to designate leave as FMLA leave did not prejudice an employee who would not have been able to return to work within twelve weeks anyway, due to her medical condition. "The challenged regulation is invalid because it alters the FMLA's cause of action in a fundamental way: It relieves employees of the burden of proving any real impairment of their rights and resulting prejudice." *Id.*, 535 U.S. 90-91. However, the Court noted that "in so holding we do not decide whether the notice and designation requirements are themselves valid or whether other means of enforcing them might be consistent with the statute." *Id.*, 535 U.S. at 96.

### Report and Recommendation

In his Report and Recommendation filed on June 7, 2007, the Magistrate Judge recommends that the defendant's motion for summary judgment be denied. The defendant filed objections to the Report on June 26, 2007. The objections allege that the plaintiff returned to work **after** the twelve work weeks of leave to which she was entitled under the FMLA and that she was accordingly not protected by the statute and was properly discharged from her position. In addition, the defendant asserts in its objections that the Magistrate Judge erroneously imposed an accommodation regarding the essential functions of the plaintiff's job. Plaintiff filed a reply to the objections in which she takes the position that the defendant's objections were not timely and that, if the Court considers them timely, they should be overruled on the grounds discussed below.

**Defendant's Objections**

**1. Timeliness of Objections**

Plaintiff asserts that the defendant's objections should not be considered, since they were not timely filed. The plaintiff is correct that the objections were due on June 25, 2007 under the deadlines provided by the rules and that they were not filed until June 26, 2007. However, the Court will consider them timely, since the Clerk stated the incorrect due date on the docket and they were filed on the date indicated by the Clerk.

**2. Does the record show as a matter of law that the plaintiff returned to work after the expiration of her FMLA leave and was terminated on that basis?**

Defendant asserts that the FMLA entitles a qualifying employee to take up to twelve workweeks of leave in any twelve-month period and that, if she attempts to return to work after the twelve weeks expires, she may be terminated from her position. Defendant cites several cases for the proposition that an overstatement of leave by an employer does not necessarily create a cause of action under the FMLA. *See, e.g., Kelso v. Corning Cable Sys. Int. Corp.*, 224 F.Supp.2d 1052, 1056 (W.D.N.C. 2002). However, "[t]he FMLA establishes two categories of broad protections for employees. First, the FMLA contains prescriptive protections that are expressed as substantive statutory rights. . . In addition to the substantive guarantees contemplated by the Act, the FMLA also affords employees protection in the event they are discriminated against for exercising their rights under the Act." *King v. Preferred Technical Group*, 166 F.3d 887, 891 (7th Cir. 1999). *See also, Dodgens v. Kent Mfg. Co.*, 955 F.Supp.560 (D.S.C. 1997)(Analysis for retaliatory discharge claim under FMLA is the same as in Title VII retaliatory discharge cases: Employee engaged in protected activity; employer took adverse employment action; and a causal connection exists between the protected activity and the adverse employment action.) The case at bar appears to be brought as a retaliation claim.

The Magistrate Judge analyzed the issue in his Report and Recommendation and found that it was not necessary to determine the exact date the plaintiff's FMLA leave expired, since there was no evidence that the plaintiff was terminated due to any failure to return to work within the FMLA period. He states that "Defendant offers a wholly different reason for Plaintiff's termination: that upon her return she could not perform the essential functions of her job." The deposition of Robert Hurst, the company president, indicates that the reason he gave for the plaintiff's termination was that the company no longer needed Nix in the shipping department due to a decline in business. An exhibit from Nix's employment records also shows the reason for termination being "position eliminated." (Docket entry #22-12). Nevertheless, Hurst admitted that an opening for a shipping clerk position was posted a month and a half later. Moreover, the deposition of Harry Wise, another company official, indicated that the position was not eliminated and that "the job still had to be performed by someone." (Wise Depo., p. 77).

In addition, the plaintiff contends that she in fact did return to work within the twelve week period and that, even if she did not do so, then she offered to return earlier but was advised by the HR specialist, Ms. Baxley, that she did not need to return until October 9, 2003. She presented evidence of a handwritten note by Ms. Baxley that Nix was going to the doctor on October 6 and that "FMLA up 10/9." (Docket # 22-7). She also presented a copy of her pay stub showing October 6 as an FMLA day. (Docket # 22-8).

Based on a review of the record, including the above evidence, the Court finds that, looking at the record in a light most favorable to the plaintiff, factual issues exist and that summary judgment should be denied.

**3. Did the Magistrate Judge erroneously impose a requirement of an accommodation?**

Defendant contends that it could not be held liable for violating the FMLA because the plaintiff

6

was not able to perform an essential function of her job, regularly lifting over 20 pounds. The Court has reviewed the evidence and finds that factual issues exist regarding this issue which should be decided by a jury.

**4. Did the Magistrate Judge erroneously substitute its judgment for the decision-maker?**

Defendant contends that it is not the Court's province to substitute its judgment for that of the employer when an employer articulates a reason for discharging an employee which is not forbidden by law. It asserts that the Court improperly relied on the testimony of Harry Wise, a Vice President, instead of the company's president, Robert Hurst, to find a factual issue exists.

This argument lacks merit, as the defendant admits that Wise was a Vice President of the company and was involved with decisions regarding the shipping department.

For the foregoing reasons, the undersigned **DENIES** the defendant's [21] motion for summary judgment.

**AND IT IS SO ORDERED.**

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Court Judge

September 10, 2007
Florence, South Carolina